## N. Y. SUPERIOR COURT.

LORIN INGERSOLL, executor, &c., plaintiff and appellant, agt. ORILAN M. SMITH, defendant and respondent.

*Case — how made and settled — Effect of death or disability of judge — When deemed to be settled by lapse of time — Code of Civil Procedure, section 997.*

When after judgment was entered an appeal was at once taken, a case made and served and amendments proposed and noticed for settlement, the appellant took no further steps to have the case settled for over three years:

*Held,* that a motion to then settle the case was properly denied for laches, notwithstanding the judge before whom the case was tried was never afterward able to administer his judicial functions.

*Held,* further, that although the appellant may not have his case settled by a judge, he may file the case and exceptions which have been set tled by lapse of time.

*General Term, February,* 1882.

*Before* FREEDMAN *and* RUSSELL, *JJ.*

APPEAL from an order denying a motion to settle a case and exceptions.

*A. B. Cruikshank,* for appellant.

*Thomas M. Wyatt,* for respondent.

Ingersoll agt. Smith.

RUSSELL, J. — This action was tried in June, 1878, before the late judge SANFORD and a jury. Judgment was directed in favor of the defendant; it was entered July 10, 1878; an appeal was at once taken; a case was made and served; amendments were proposed and they were noticed for settlement August 20, 1878; judge SANFORD was not in attendance on that day, and it is alleged by the appellant that he never again acted in his official capacity. The fact seems to be that judge SANFORD did hold court for a short time in April, 1879.

The appellant took no further steps either before judge SANFORD or any other judge to have the case settled until after judge SANFORD's death in October last when this motion was made. We think the motion was properly denied on the ground of laches.

The Code (sec. 997) permits a party to have a case and exceptions settled under the directions of the court in case of the disability as well as the death of a judge.

The appellant waited until long after it was a matter of public notoriety that judge SANFORD would never be able again to administer his judicial functions.

Under Rule 33, if a party omits within the time limited to notice the settlement of a case before a justice after amendments are proposed, he is deemed to have agreed to the amendments as proposed. This case was, therefore, settled by lapse of time (Whiting agt. Kimball, 6 Bosw., 690).

The appellant, therefore, may not have his case settled by a judge, but may file the case and exceptions so settled by lapse of time and pursue his appeal subject to any rights which the respondent may have to move at a general term to dismiss the appeal.

The order should be affirmed, with costs and disbursements.